# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of June, two thousand sixteen.

PRESENT: ROBERT D. SACK,
RICHARD C. WESLEY,
GERARD E. LYNCH,
  *Circuit Judges.*

_____

KAMALADOSS SELVAM,

  *Plaintiff-Appellant*,

v.  15-1264

EXPERIAN INFORMATION SOLUTIONS, INC.,

  *Defendant-Appellee*.

_____

CERTIFIED COPY ISSUED ON 06/07/2016

| FOR APPELLANT: | Kamaladoss Selvam, *pro se,* Ridgewood, NY. |
|---|---|
| FOR APPELLEE: | Ian Samuel, Jones Day, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings consistent with this order.

Appellant Kamaladoss Selvam, proceeding *pro se*, appeals from a judgment in favor of Experian Information Solutions, Inc. ("Experian") in his suit under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x.[1] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review *de novo* a District Court's grant of summary judgment. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam). Summary judgment must be granted if "there is no genuine dispute as to any material fact

---

[1] Although Selvam alleged violations of the New York Fair Credit Reporting Act, N. Y. Gen. Bus. L. § 380, *et seq.*, in the district court, he did not address these claims in his appellate brief. We therefore deem them abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995).

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine dispute exists, we must "resolve all ambiguities and draw all inferences against the moving party." *Garcia*, 706 F.3d at 127. A party, however, cannot overcome summary judgment by relying on "mere speculation or conjecture as to the true nature of the facts" because "conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (internal quotation marks omitted).

I. **Reasonable Procedures and Reasonable Reinvestigation Claims**

We conclude that the District Court properly granted summary judgment to Experian on Selvam's reasonable procedures and reasonable reinvestigation claims under 15 U.S.C. §§ 1681(b) and 1681(i), though we reach this conclusion for different reasons than those stated by the court below. The District Court improperly held that Selvam failed to raise an issue of fact regarding the accuracy of the information in Experian's reports. Selvam correctly argues that the District Court erroneously characterized his deposition testimony as admitting "that he may have been 'mistaken' about whether the accounts were the result of identity theft." Appellant Br. 9; App'x 158. Selvam actually testified that he did

3

not know whether *Experian* had made a mistake by putting someone else's "genuine account" in his report or whether the account was the result of identity theft. Supp. App'x 10. Moreover, Selvam argues that Experian's inclusion of the GECRB/Care Credit account was inaccurate. For support, he submitted two letters addressed to him from GE Capital Retail Bank ("GE" or "GECRB") from December 2012, which state: "[o]ur preliminary investigation has revealed that the above referenced account was opened without your knowledge or consent." App'x 124–25. Selvam argues that after Experian was directed to delete the LVNV Funding account with the same account number as one of the GE accounts, in July 2012, Experian was put on notice that it should question the accuracy of the GE account because it is "extremely easy to discern" these were the same account. Appellant Br. 19.

The District Court did not mention the letters from GE Capital Retail Bank in its opinion, presumably because it agreed with Experian that they "are inadmissible hearsay that cannot defeat summary judgment." Defendant's Reply Br. in Support of Motion for Summary Judgment at 4 n.8, *Selvam v. Experian Info. Sols., Inc.*, 2013 WL 4547454 (E.D.N.Y. Aug. 28, 2013) (No. 12 CV 01828), ECF No. 81. But the summary judgment rule provides that "[a] party may object that

4

the material cited to support or dispute a fact *cannot* be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2) (emphasis added). We have said that the party opposing summary judgment "cannot rely on inadmissible hearsay in opposing a motion for summary judgment[] *absent a showing that admissible evidence will be available at trial*." *Burlington Coat Factory Warehouse Corp.* v. *Esprit De Corp.*, 769 F.2d 919, 924 (2d Cir. 1985) (internal citations omitted) (emphasis added). Where, as here, the party opposing summary judgment is acting *pro se*, the Court has a duty to construe his submissions with special solicitude. *See, e.g.*, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (noting that we must read *pro se* submissions with "special solicitude" and observing that this Court's "policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training" (alterations and internal quotation marks omitted)). Affording Selvam the special solicitude that his submissions are due, we conclude that the GE letters themselves, as well as the underlying records leading GE to write the letters, would almost certainly fall

within the hearsay exception for business records, Fed. R. Evid. 803(6), and thus would be available at trial.

Though the District Court improperly held that Selvam failed to raise an issue of fact regarding the accuracy of the information in Experian's reports, it properly granted summary judgment to Experian on Selvam's reasonable procedures and reasonable reinvestigation claims because Selvam has failed to raise a genuine issue as to whether he suffered any damages from Experian's allegedly negligent failure to detect the inaccuracy of the information about the GE account.  Even assuming that the court should consider the GE letters that Selvam submitted in opposition to summary judgment, and that these letters were sufficient to raise a genuine issue of material fact that Experian reported inaccurate information for the six months after Experian allegedly had reason to question the accuracy of the information provided by GECRB/Care Credit, Selvam has not alleged any plausible claim for damages.  If a credit reporting agency is negligent in failing to comply with FCRA, it is liable only for "actual damages sustained by the consumer as a result of the failure."  15 U.S.C. § 1681o(a)(1).  Selvam does not allege that he applied for or forwent applying for *any* credit after the date on which Experian was informed to delete the LVNV

Funding account, July 7, 2012 and before the GECRB/Care Credit accounts were deleted in December 2012. Because Selvam does not allege any way in which he was damaged by the alleged inaccuracy during the time period he alleges Experian had "reason . . . to question the accuracy of the . . . GE information," Appellant Br. 21, he does not plausibly allege he suffered any actual damages. *See Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 475 (2d Cir. 1995) (holding that where there is "no evidence that during the period in which [the credit reporting agency] carried the inaccurate" information that it provided plaintiff's "credit report to any third party" no rational trier of fact could infer that any potential creditor or other person in plaintiff's community learned of any helpful information from the defendant credit reporting agency).

A credit reporting agency may also be liable for statutory damages "of not less than $100 and not more than $1,000" if the failure to comply with FCRA was "willfull[]," 15 U.S.C. § 1681n(a), which includes "reckless disregard." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007). Although Selvam argues that there is "sufficient proof that Experian willfully violated various provisions of the FCRA," Appellant Br. 27, he points to no facts to support this entirely conclusory argument, which amounts to "speculation or conjecture," *Hicks*, 593 F.3d at 166.

Therefore, Experian is entitled to summary judgment on Selvam's reasonable procedures and reasonable reinvestigation claims because Selvam has not alleged an issue of material fact that he suffered any actual damages from the alleged inaccuracy or that Experian acted willfully in allegedly violating FCRA.[2]

## II.     Disclosure Claim

We find, however, that the district court improperly concluded that there was no dispute of material fact as to Selvam's consumer disclosure claim under § 1681g.   In dismissing that claim, the district court reasoned that "although [Experian] did provide [Selvam] with a blank credit report in February 2011, [Experian] promptly addressed the problem the following month."   App'x 159. Yet Experian admitted on summary judgment that its system had contained a second "fractured" PIN for Selvam since early 2010, meaning it took *at least a year* for its "ordinary course of business" to correct the issue.   Supp. App'x 245.   We find that this inconsistency raises a dispute of material fact as to whether Experian negligently violated Selvam's right to obtain a copy of his credit report.

---

[2] This analysis has no bearing on Selvam's damages claims under 15 U.S.C. § 1681g because he plead actual injuries caused by the denial of a car loan in January 2011 and a mortgage in May or June 2011 – which both post-dated Experian's failure to provide Selvam a report that complied with § 1681g.

8

*See* 15 U.S.C. § 1681g(c) (granting a consumer the right to obtain a copy of his credit report); *id.* § 1681o (providing that a person can be sued for negligent violations of § 1681(g).

Experian's argument that "*incompleteness* is not the same as *inaccuracy*" is unavailing. Appellee Br. 8. By its own terms, § 1681g requires consumer reporting agencies to "clearly and accurately disclose . . . [*a*]*ll* information," not *all accurate information*. 15 U.S.C. § 1681g(a) (emphasis added). This rule is a sensible one. The purpose of § 1681g is not to ensure that a credit reporting agency is disclosing accurate information to consumers; rather, its purpose is to enable consumers to obtain information in order to dispute any potential inaccuracies in the file so that inaccurate information is not sent to third parties. *See, e.g., id.* § 1681g(c) (summarizing the consumer's "rights to obtain and dispute information in consumer reports and to obtain credit scores").

Moreover, even after Experian "merged" all the information it had about Selvam into a single PIN, Experian did not "correct" its failure to "clearly and accurately disclose to the consumer [] all information in the consumer's file at the time of the request" in violation of § 1681g, because Experian did not send Selvam a corrected report based on his corrected or "merged" file. Selvam did

not receive the "merged" file until he requested another report after he was denied a mortgage allegedly because of negative information in the "merged" file. A reasonable juror could conclude that under these facts Experian acted negligently or with reckless disregard of its obligation to disclose "[a]ll information in the consumer's file." *Id.* § 1681g(a)(1).

We have considered Selvam's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** in part, **VACATE** in part, and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit