UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
KAMALADOSS V. SELVAM, *pro se*, :
:
Plaintiff, :
: **MEMORANDUM AND ORDER**
-against- : 12-CV-1828 (DLI) (JO)
:
EXPERIAN INFORMATION SOLUTIONS, :
INC., :
:
Defendant. :
:
-------------------------------------------------------- x
**DORA L. IRIZARRY, Chief United States District Judge:**

*Pro se* plaintiff Kamaladoss V. Selvam ("Plaintiff") commenced this action against consumer reporting agency defendant Experian Information Solutions, Inc. ("Defendant") alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and New York Fair Credit Reporting Act, N.Y. Gen. Bus. L. § 380, *et seq.* ("NY FCRA"). Defendant moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff opposed. This Court granted Defendant's motion in its entirety. *See Selvam v. Experian Info. Sols., Inc.*, No. 12-cv-1828 (DLI) (JO), 2015 WL 1321615 (E.D.N.Y. Mar. 24, 2015) ("Selvam I"). Plaintiff appealed to the Second Circuit Court of Appeals. *See* Notice of Appeal, Dkt. Entry No. 92. The Circuit Court affirmed in part, vacated in part, and remanded for further proceedings. *See* Dkt. Entry No. 93.

Plaintiff's sole remaining claim after the Circuit Court's decision is that Defendant failed to disclose clearly and accurately to Plaintiff all of the information in Plaintiff's credit file as

required by FCRA § 1681g.[1]  *See Selvam v. Experian Info. Sols., Inc.*, 651 F. App'x 29 (2d Cir. 2016).  On remand, this Court granted Defendant leave to move for summary judgment based on issues of damages and timeliness.  *See* Min. Entry, Jan. 9, 2017.  Defendant so moved on March 21, 2017.  *See* Def.'s Mot. for Summ. J., Dkt. Entry No. 109; Def.'s Mem. of Law in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Mem. of Law"), Dkt. Entry No. 110.  For the reasons that follow, Defendant's motion is granted in part and denied in part.

## BACKGROUND[2]

Plaintiff's claim stems from erroneous consumer credit reports that were furnished to him by Defendant in 2011.  On February 24, 2011, Defendant was notified by another consumer reporting agency that Plaintiff had contacted it to dispute inaccurate items on his credit report due to possible fraudulent activity.  Decl. of Jason Scott dated Jan. 31, 2014 ("Scott Decl. 1") ¶¶ 30, 33, 35, Ex. 2 to Decl. of Andrew S. Kleinfeld in Supp. of Def.'s Mot. for Summ. J. ("Kleinfeld Decl."), Dkt. Entry No. 113-1.  Also on February 24, 2011, Defendant sent Plaintiff a letter explaining that a security alert had been added to his file, and enclosing a copy of Plaintiff's consumer credit report.  *Id.* ¶¶ 31, 33, 36; Security Alert Letter, Ex. D to Scott Decl. 1, Dkt. Entry No. 113-1.  Plaintiff acknowledges receiving the letter and consumer credit report.  Excerpts from Dep. of Kamaladoss V. Selvam ("Selvam Dep.") at 110:22-25, Ex. 1 to Kleinfeld Decl., Dkt. Entry No. 113.  However, the February 24, 2011 credit report did not contain any credit account information because Defendant had mistakenly assigned Plaintiff two personal identification numbers (PINs) and one of the numbers did not contain credit information for

---

[1] The Circuit Court deemed Plaintiff's NY FCRA claims abandoned, and, therefore, they are not addressed here. *Selvam v. Experian Info. Sols., Inc.*, 651 F. App'x 29, 31 n.1 (2d Cir. 2016).
[2] The Court assumes familiarity with the facts of this case as set forth in Selvam I.  *See Selvam I*, 2015 WL 1321615, at *1-2.

Plaintiff.[3] Decl. of Kimberly Hughes ("Hughes Decl.") ¶¶ 15-18, 25-28, Ex. 5 to Kleinfeld Decl.; Scott Decl. 1 ¶¶ 28, 32, 34, 37; Security Alert Letter. As a result, Plaintiff did not contact Defendant to dispute any credit information because "[the report] [did] not have anything that [he] thought could be damaging towards [him][.]" Selvam Dep. at 163:8-9. This issue was not remedied until March 31, 2011, or thereabouts, when Defendant discovered the two PINs during the ordinary course of business and deleted the PIN that was missing Plaintiff's credit information. Hughes Decl. ¶ 31. However, as discussed *infra*, Defendant did not inform Plaintiff of the issue, and Plaintiff did not learn of it until June 2011.

Plaintiff applied for a car loan for approximately $25,000-$30,000 from the Municipal Credit Union ("MCU") in or about January 2011 ("the car loan"). Am. Compl. ¶ 34; Selvam Dep. at 371:21-22. In April 2011, Plaintiff received a denial letter from MCU. Letter dated April 28, 2011 from MCU, Ex. W to Pl.'s Opp. to Def.'s Mot. for Summ. J. in Selvam I ("Pl.'s Selvam I Opp."),[4] Dkt. Entry No. 78-19.[5] Plaintiff does not know if MCU received a credit report from Defendant in connection with the application process, Selvam Dep. at 96:10-19, but the letter refers to information provided by Defendant. *See* Ex. W to Pl.'s Selvam I Opp.

Plaintiff applied for a home loan for approximately $500,000-$600,000 from Wells Fargo Bank in or about May or June 2011 ("the home loan"). Am. Compl. ¶ 54; Selvam Dep. at 298:7-11. The home loan was denied orally because there were too many delinquencies on Plaintiff's

---

[3] The PIN without Plaintiff's full account information is known in the consumer credit industry as a "fragmented PIN." Decl. of Kimberly Hughes ¶ 18.

[4] Plaintiff's Response to the instant motion incorporates Exhibit W by reference. *See* Pl.'s Resp. at 17, Dkt. Entry No. 116.

[5] Defendant states that the Court has previously ruled Exhibit W to be inadmissible. However, the Court in *Selvam I* found that "given Plaintiff's *pro se* status, the Court relies on the exhibit[] for background information only in order to present a complete story." *Selvam I*, 2015 WL 1321615, at *2 n.3. In its instant motion, Defendant argues several additional reasons that Exhibit W would be inadmissible. The Court finds that the exhibit would likely constitute a business record pursuant to Fed. R. Evid. 803(6), and, therefore, is not inadmissible hearsay. *See Selvam*, 651 F. App'x at 32. Defendant's other arguments go to the content of the letter and thus the weight that a jury might afford it, but do not affect its admissibility.

credit report. Selvam Dep. at 313:24-25. The credit report in question was provided by Rels Credit, which Defendant concedes included information from Defendant. *See* Rels Report, Ex. 8 to Kleinfeld Decl., Dkt. Entry No. 113-7; Def.'s Mem. of Law at 8-9.[6] After that denial, Plaintiff contacted Defendant in June 2011 to dispute items on his report. Local Civ. R. 56.1 Statement of Material Facts in Supp. of Def.'s Mot. for Summ. J. ("Def.'s 56.1 Statement") ¶ 39, Dkt. Entry No. 111. Only then did Plaintiff receive corrected disclosures from Defendant that contained credit account information. *Id*. ¶ 9.

## DISCUSSION

### I. Legal Standards

*Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe,* 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Emp't & Guidance Serv.*, 409 F.3d 565, 569 (2d Cir. 2005) (citation and internal quotation marks omitted).

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must view all facts in the light most favorable to the nonmoving party, but "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no

---

[6] The facts regarding Plaintiff's car and home loan applications are substantiated mostly through Plaintiff's testimony. Plaintiff did not have any written documentation regarding his loan applications or the denial of the home loan, as he "tore [the papers] up." Selvam Dep. at 375:2-5. Plaintiff also has not produced affidavits or depositions from the loan officers who processed Plaintiff's loan applications. However, the Court considers these facts, as they are supported by Plaintiff's deposition and Amended Complaint, and Defendant submitted them in its Local Civil Rule 56.1 Statement of Material Facts.

reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.* A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party, however, may not rely on "[c]onclusory allegations, conjecture, and speculation," *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998), but must affirmatively "set out specific facts showing a genuine issue for trial," Fed. R. Civ. P. 56(e). "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994) (citing *Dister v. Cont'l Grp., Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1988)).

Local Civil Rule 56.1 requires that a party moving for summary judgment include with the motion a "separate, short, and concise statement of the material facts to which the moving party contends there is no genuine issue to be tried." Local Civ. R. 56.1(a). "When a party has moved for summary judgment . . . and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992). In cases involving a *pro se* litigant, Local Civil Rule 56.2 requires that: "[a]ny represented party moving for summary judgment against a party proceeding *pro se* shall serve and file as a separate document, together with the papers in support of the motion, a 'Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment' with the full texts of Fed. R. Civ. P. 56 and Local Civil Rule 56.1 attached." Local Civ. R. 56.2. "The notice referred to in the rule advises

the *pro se* litigant of the possibility that the complaint may be dismissed and informs the litigant that she must submit evidence countering the facts asserted by the defendant and raising issues of fact for trial." *Arum v. Miller,* 304 F. Supp.2d 344, 349 (E.D.N.Y. 2003). In the instant case, Defendant submitted a Rule 56.1 statement and Rule 56.2 notice. Thus, Defendant's motion is properly before this Court.

## II.     FCRA § 1681g

The FCRA requires that a consumer reporting agency, upon request, clearly and accurately disclose to a consumer all information in a consumer's file. 15 U.S.C. § 1681g(a)(1). It also grants a consumer "a right…to obtain a copy of a consumer report." 15 U.S.C. § 1681g(c). A claim arising under the FCRA must be brought "not later than the earlier of: (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. To sue a consumer reporting agency under this section, a violation may be willful or negligent. *See* 15 U.S.C. §§ 1681n & 1681o; *Ritchie v. N. Leasing Sys., Inc.*, 14 F. Supp.3d 229, 233-34 (S.D.N.Y. 2014) ("In general, the FCRA provides a cause of action against any person who willfully fails to comply or who is negligent in failing to comply with an FCRA requirement") (internal quotations omitted). If a violation was negligent, a Plaintiff can recover actual damages together with costs of the action and reasonable attorney's fees. *See* 15 U.S.C. § 1681o. If a violation was willful, statutory and punitive damages are also available. *See* 15 U.S.C. § 1681n.

### A. Timeliness

The subject of Plaintiff's § 1681g claim is a blank consumer credit report that Defendant sent to Plaintiff on February 24, 2011. However, Plaintiff's request for a consumer credit report

from Defendant was made on February 15, 2010. Def.'s 56.1 Statement ¶ 4. Defendant argues that any violation of §1681g can occur only in response to a request. *See* Def.'s Mem. of Law at 4. Therefore, Defendant reasons, any such violation could have occurred only with the transmission of the February 15, 2010 credit report, because only that transmission was in response to a request. *Id*. Later transmissions were "unrequested," and thus, Defendant reasons, they cannot be the subject of a § 1681g claim. *Id*.

The FCRA's statute of limitations is triggered only when Plaintiff discovers a violation. *See* 15 U.S.C. § 1681p; *Marcinski v. RBS Citizens Bank*, 36 F. Supp.3d 286, 290 (S.D.N.Y. 2014). Nonetheless, Defendant contends that Plaintiff was on "inquiry notice" that his rights under § 1681g had been violated as of February 15, 2010, because that is the date on which Plaintiff initially received a disclosure from Defendant. Def.'s Mem. of Law at 16. If Plaintiff was on inquiry notice on February 15, 2010, his initiation of this action on March 5, 2012 would be untimely. *Id*.

Inquiry notice, which Defendant does not define, is "notice such that a reasonable [person] of ordinary intelligence would have discovered the existence of the relevant claim." *Willey v. J.P. Morgan Chase, N.A.*, No. 09-cv-1397 (CM), 2009 WL 1938987, at *5 (S.D.N.Y. July 7, 2009). It is not, as Defendant suggests, when a potential plaintiff has "full opportunity to be aware of any alleged § 1681g violation." Def.'s Mem. of Law at 17. Although Plaintiff may have received a disclosure first in 2010 and next in 2011, it is undisputed that, until March 2011, any disclosure by Defendant to Plaintiff of Plaintiff's file would result in a blank report, violating § 1681g. *See Marcinski*, 36 F. Supp.3d at 290-91. Absent further information from Defendant, Plaintiff could not have discovered the nature of the problem until it was corrected, because a reasonable person of ordinary intelligence would not see a blank page of a credit report and be

7

able to determine that a fragmented PIN was preventing the production of complete and accurate credit information.

Indeed, the Circuit Court faulted Defendant for failing to send Plaintiff a corrected report after Defendant discovered the fragmented PIN in March 2011. *Selvam*, 651 F. App'x at 33. As the Circuit Court found, this failure "raises a dispute of material fact as to whether Experian negligently violated Selvam's right to obtain a copy of his credit report" pursuant to § 1681g. *Id.* Under this reading of § 1681g, the earliest date on which Defendant could plausibly argue that the violation ceased is March 2011, when it corrected the fragmented PIN. In fact, Plaintiff could argue that the violation did not cease until June 2011, when Defendant provided Plaintiff with a complete and accurate report. Either way, a reasonable juror could find that the instant action is timely.

**B. Damages**

Plaintiff alleges that Defendant was willful or negligent in violating the FCRA. The Circuit Court found that "[a] reasonable juror could conclude that under [the] facts Experian acted negligently or with reckless disregard of its obligation to disclose all information in the consumer's file" in violation of § 1681g.[7] *Selvam*, 651 F. App'x at 33 (internal quotations omitted). Summary judgment is not appropriate, therefore, on the issue of liability. Accordingly, the Court turns to damages.

To sustain a claim for negligence under the FCRA, Plaintiff must prove actual damages. *See Braun v. Client Servs Inc.*, 14 F. Supp.3d 391, 397 (S.D.N.Y. 2014). Whether Defendant acted negligently or recklessly is a factual question for the jury, but, because a theory of negligence under the FCRA is cognizable only when a plaintiff can prove actual damages, the

---

[7] Under the FCRA, willfulness includes "reckless disregard." *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007).

8

Court evaluates whether a reasonable juror in the instant case could determine that Plaintiff suffered such damages. Defendant contends that the Court lacks subject matter jurisdiction because Plaintiff cannot prove actual damages.

According to Plaintiff, he sustained actual damages from the denial of the car loan and the home loan. *See* Am. Compl. ¶¶ 34, 54. Those damages, he contends, are: (1) economic damages from the denial of the loans, and (2) emotional damages for emotional distress. Plaintiff estimates his economic damages as the amounts of the denied loans plus associated costs: approximately $500,000-$600,000 for the home loan, approximately $25,000-$120,000 in related costs for closing/down payment, and approximately $25,000 for the car loan. *See* Pl.'s Estimation of Damages ¶¶ 1-3, Dkt. Entry No. 46; Def.'s 56.1 Statement ¶ 42. Defendant contends that there is no scenario under which Plaintiff can prove any such damages. Def.'s Mem. of Law at 5, 9.

As to the emotional damages, Defendant asserts correctly that "[a] plaintiff must present sufficient, objective evidence of emotional distress damages to warrant recovery of such damages," citing *Patrolmen's Benevolent Ass'n of the City of N.Y., Inc. v. City of New York*, 310 F.3d 43, 55-56 (2d Cir. 2002), *cert. denied*, 538 U.S. 1032 (2003). Plaintiff's proffered evidence in the instant case is solely his own testimony, which does not suffice.[8] *See Id.* at 55. He concedes that he did not seek medical attention for any symptoms of emotional distress. Def.'s 56.1 Statement ¶ 47. Even while construing the facts in the light most favorable to Plaintiff, no reasonable juror could conclude that Plaintiff has proffered sufficient evidence of emotional

---

[8] Plaintiff also offered with his opposition to the Selvam I Motion for Summary Judgment an "affidavit" from "Karen Veeraswamy" and copies of several prescription medication labels as exhibits. *See* Dkt. Entry Nos. 78-20, 78-21; Def.'s Mem. of Law at 10-11. Although the Court extends special solicitude to *pro se* litigants, it cannot consider the prescription medication labels because they have no apparent relevance to this case. The labels do not list the name of the medication prescribed or the symptoms treated, and there is no evidence proffered to explain their relationship to the FCRA violation. The Court cannot consider the purported "affidavit" as it is unsworn. Moreover, provides no information as to the relationship between Plaintiff and the affiant, other than that it is a personal one of "more than fifteen years."

damages. *See Jenkins v. AmeriCredit Fin. Servs., Inc.*, No. 14-cv-5687 (SJF) (AKT), 2017 WL 1325369, at *8 (E.D.N.Y. Feb. 14, 2017).

However, as to the economic damages, when construing the facts in the light most favorable to Plaintiff, there is a genuine question of material fact as to whether Plaintiff sustained such damages. Defendant argues that Plaintiff cannot show that he was "worse off" without the home loan or the car loan "and the related costs that would come along with [them]." Def.'s Mem. of Law at 7-9. However, Plaintiff is not required to make such a showing. "Actual damages under the FCRA may include a denial of credit…even in the absence of out-of-pocket expenses." *Jenkins*, 2017 WL 1325369, at *8; *see also Braun*, 14 F. Supp.3d at 400-01. Plaintiff alleges that he was denied two loans. The letter from MCU denying Defendant's car loan lists Defendant as the source of MCU's information, and Defendant concedes that the Rels Report relied on by Wells Fargo in assessing the home loan application contained information from Defendant. Thus, both loan denials were based, at least in part, on information provided by Defendant.

Once Plaintiff was able to obtain his complete and accurate report from Defendant, he disputed a number of accounts considered "negative" on the report. Scott Decl. 1 ¶ 49. By Defendant's own admission, all these disputes have all been resolved, and Plaintiff's credit file no longer contains any account considered "negative." *Id.* ¶ 58. A reasonable juror could find that, "but for" Defendant's failure to comply with § 1681g, which impeded Plaintiff's ability to dispute negative accounts in his file, Plaintiff would not have been denied the car loan and/or the home loan. Accordingly, summary judgment on Plaintiff's claim of economic damages is denied.[9]

---

[9] Defendant also argues that the Court should dismiss this action for lack of subject matter jurisdiction pursuant to *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). Def.'s Mem. of Law at 2. This argument requires a finding that

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted with respect to Plaintiff's purported emotional damages, but is denied with respect to economic damages, statutory damages, and punitive damages. The portion of Defendant's motion that seeks dismissal for lack of subject matter is denied.

SO ORDERED.

Dated: Brooklyn, New York
March 30, 2018

/s/
DORA L. IRIZARRY
Chief Judge

---

Plaintiff suffered no actual damages. The Court makes no such finding here, and, therefore, need not consider Defendant's argument.